UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | 1:09-cv-02194-JLT HC<br><br>ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME NUNC PRO TUNC TO JULY 14, 2010 (Doc. 15)<br><br>ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT (Doc. 13) |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner and Respondent filed their written consents to the jurisdiction of the United States Magistrate Judge on January 7, 2010 and April 9, 2010, respectively. (Docs. 6 & 9).

　　　　On March 15, 2010, the Court ordered Respondent to file a response to the petition by May 17, 2010. (Doc. 7). On May 12, 2010, Respondent timely filed a motion for a thirty-day extension of time to file the response. (Doc. 10). On May 18, 2010, the Court granted said motion. (Doc. 12). At that point, the response was then due on June 21, 2010. On May 19, 2010, the original due date, Petitioner filed the instant motion for default judgment, alleging erroneously that Respondent had failed to file the response within the deadline set by the Court. (Doc. 13). On June 15, 2010, Respondent filed a second request for extension of time, alleging the press of business in other cases

as grounds therefore. (Doc. 15). For reasons that are unclear, the Court was unaware of Respondent's second request for an extension of time until after Respondent had filed the answer on July 14, 2010. (Doc. 18). Petitioner filed his Traverse on August 13, 2010. (Doc. 20).

## **DISCUSSION**

A. <u>Motion for Default Judgment</u>.

As is obvious from the chronology recited above, Respondent timely filed his first request for an extension of time to file the answer. Therefore, there is no basis on which to conclude that Respondent's request for additional time was itself untimely or that Respondent had somehow failed to abide by the Court's prior scheduling order.

However, even had Respondent's request for an extension of time been filed beyond the deadline imposed by the Court's order of March 15, 2010, Petitioner would still not be entitled to entry of default judgment. Title 28 U.S.C. § 2241(c)(3) provides that there is a presumption that the state court judgment, pursuant to which a petitioner has been imprisoned, is valid unless and until a petitioner has made a showing that it is not, and a petition for writ of habeas corpus will not be issued unless a petitioner can establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. In <u>Townsend v. Sain</u>, 372 U.S. 293, 312 (1963), the Court stated as follows: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." The burden to show that he is in custody in violation of the Constitution of the United States is on Petitioner. The failure of State officials to file a timely response does not relieve him of his burden of proof. Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons.

It is undisputed that a failure of the State to file a timely response to the claims in a habeas corpus petition does not entitle petitioner to default judgment. <u>Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir.1990); <u>see also</u> <u>Bleitner v. Welborn</u>, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to timely respond to petition does not entitle petitioner to default); <u>United States ex rel. Mattox v.</u>

Scott, 507 F.2d 919, 924 (7th Cir. 1974)(holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition); Bermudez v. Reid, 733 F.2d 18 (2nd Cir. 1984)(state attorney general's failure to comply with court's order to respond not a justification for entering default judgment in favor of petitioner).  Thus, regardless of whether Respondent is delinquent in responding to the Court's orders, the Court is nevertheless obligated to hear the case on the merits and Petitioner is not entitled to relief simply because of Respondent's purported dereliction.  Accordingly, the Court will deny Petitioner's motion for default judgment.

      B.  Second Request for Extension of Time.

      Had the Court been aware of Respondent's second request for extension of time, it would have granted the motion.  Respondent filed the Answer within the time requested in the second request for extension of time and Petitioner filed his Traverse without raising the timeliness of the Answer.  Thus, the Court finds that neither party would be prejudiced by granting the second request for an extension of time nunc pro tunc to the date of filing of Respondent's Answer.

      Accordingly, the Court HEREBY ORDERS as follows:

1. Respondent's motion for extension of time to file a response (Doc. 15), is GRANTED *nunc pro tunc* to July 14, 2010;
2. Petitioner's motion for default judgment (doc. 13), is DENIED.

IT IS SO ORDERED.

Dated:   **September 10, 2010**                               **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE