UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DARELL ADAMS, Warden, et al.,<br><br>　　　　Respondents. | ) Case No.: 1:09-cv-02194-JLT<br>)<br>) ORDER DISMISSING PETITION FOR WRIT OF<br>) HABEAS CORPUS (Doc. 1)<br>)<br>) ORDER DIRECTING CLERK OF COURT TO<br>) ENTER JUDGMENT AND CLOSE FILE<br>)<br>) ORDER DECLINING TO ISSUE CERTIFICATE<br>) OF APPEALABILITY |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On January 7, 2010, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes.  (Doc. 6).  On April 9, 2010, Respondent filed her written consent to the jurisdiction of the Magistrate Judge for all purposes.  (Doc. 9).

**PROCEDURAL HISTORY**

　　　　On December 6, 2006, the Kings County District Attorney filed a criminal complaint in the Kings County Superior Court charging Petitioner with one count of misdemeanor indecent exposure (Cal. Pen. Code § 314.1), stemming from an incident that occurred on April 16, 2006, at Corcoran State Prison, where Petitioner was incarcerated for an unrelated offense.  (Lodged Document ("LD") 1, p. 1; LD 3, pp. 172; 207).  On June 4, 2007, Petitioner was found guilty by a jury and was sentenced

to a jail term of 180 days, to be served concurrently with his sentence for which he was already incarcerated. (LD 1, pp. 10-11). Petitioner was also assessed a restitution fine of $100 and a court security fee of $20, and required to register as a sex offender pursuant to Cal. Pen. Code § 290. (Id., p. 11). Petitioner completed the 180-day jail term at some point prior to January 3, 2008. (LD 8, p. 42).

Petitioner appealed his conviction and sentence to the appellate division of the Superior Court, which denied his appeal. (LD 5). Thereafter, Petitioner filed various state habeas corpus petitions seeking to exhaust his claims in state court. (LD 6-9). On August 14, 2009, the California Supreme Court denied Petitioner's final state habeas petition. (LD 10). Respondent concedes that Petitioner's claims have been exhausted. (Doc. 18, p. 10).

On December 17, 2009 Petitioner filed the instant petition, raising four grounds for relief, summarized *infra*. (Doc. 1). Respondent's answer was filed on July 14, 2010. (Doc. 18). On August 13, 2010, Petitioner filed his Traverse. (Doc. 20).

**FACTUAL BACKGROUND**

Because the Court determines that it lacks jurisdiction due to Petitioner's failure to satisfy the "in custody" requirement of federal habeas corpus law, the facts of the underlying criminal conviction are irrelevant.

**DISCUSSION**

I.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v.

Wood, 114 F.3d 1484, 1500 (9th Cir. 1997), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (holding the AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

## II. Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams v. Taylor, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005), citing Williams v. Taylor, 529 U.S. 326, 405-406 (2000). A state court decision involves an "unreasonable application" of clearly established federal law "if the state court applies [the Supreme Court's precedents] to the facts in an objectively unreasonable manner."  Id., quoting Williams, 529 U.S. at 409-410; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*).

Consequently, a federal court may not grant habeas relief simply because the state court's decision is incorrect or erroneous; the state court's decision must also be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 511 (2003) (citing Williams v. Taylor, 529 U.S. at 409).  In Harrington v. Richter, 562 U.S. ___ , 131 S.Ct. 770 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA.  If fairminded jurists could so disagree, habeas relief is precluded.  Richter, 131 S.Ct. at 786.

3

As the United States Supreme Court has noted, AEDPA's standard of "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law" is "difficult to meet," because the purpose of AEDPA is to ensure that federal habeas relief functions as a "'guard against extreme malfunctions in the state criminal justice systems,'" and not as a means of error correction. Richter, 131 S.Ct. at 786, quoting Jackson v. Virginia, 443 U.S. 307, 332, 99 S.Ct. 2781, n. 5 (1979)(Stevens, J., concurring in judgment). The Supreme Court has "said time and again that 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" Cullen v. Pinholster, 131 S.Ct. 1388, 1410-1411 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Richter, 131 S.Ct. at 787-788.

Moreover, federal "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1398 ("This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at the same time–i.e., the record before the state court.")

The second prong of federal habeas review involves the "unreasonable determination" clause of 28 U.S.C. § 2254(d)(2). This prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d at 637, citing Miller-El v. Cockrell, 537 U.S. 322 (2003). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. at 520; Jeffries v. Wood, 114 F.3d at 1500 (when reviewing a state court's factual determinations, a "responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the judgment"). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Id. ; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), cert.denied, Maddox v. Taylor, 543 U.S. 1038 (2004).

The AEDPA also requires that considerable deference be given to a state court's factual findings. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. at 340.  Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law.  See Lambert v. Blodgett, 393 F.3d 943, 976-077 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision.  See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state court decided the petitioner's claims on the merits but provided no reasoning for its decision, the federal habeas court conducts "an independent review of the record...to determine whether the state court [was objectively unreasonable] in its application of controlling federal law." Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2002); see Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).  Where the state court denied the petitioner's claims on procedural grounds or did not decide such claims on the merits, the deferential standard of the AEDPA do not apply and the federal court must review the petitioner's 's claims de novo. Pirtle v. Morgan, 313 F.3d at 1167.

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007)(holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).  Some constitutional errors, however, do not require that the petitioner demonstrate prejudice.  See Arizona v. Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659 (1984).  Furthermore, where a habeas petition governed by the AEDPA alleges ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Strickland prejudice

5

standard is applied and courts do not engage in a separate analysis applying the Brecht standard.  Avila v. Galaza, 297 F.3d 911, 918 n. 7 (9th Cir. 2002);  Musladin v. Lamarque, 555 F.3d 830, 835 (9th Cir. 2009).

### III.    Summary Of Petitioner's Claims

The instant petition itself alleges the following as grounds for relief:  (1) Petitioner was denied his Sixth Amendment right to the effective assistance of trial counsel; (2) Petitioner was denied his constitutional right to the effective assistance of appellate counsel; (3) prosecutorial misconduct; and (4) Petitioner's due process rights were violated by the trial court's imposition of various fines and a sex offender registration requirement.  (Doc. 1, pp. 13-22).

### IV.    Petitioner Does Not Satisfy The "In Custody" Requirement For Habeas Relief

As a preliminary matter, Respondent contends that the Court lacks jurisdiction over the claims in the petition because Petitioner cannot satisfy the "in custody" requirement of federal habeas law. (Doc. 18, pp. 15-16).  The Court agrees.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (Emphasis supplied).  This "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed."  Maleng v. Cook, 490 U.S. 488, 490-491, 109 S.Ct. 1923 (1989)(per curiam); Resendiz v. Kovensky, 416 F.3d 952, 955 (9th Cir. 2005).

It is well-established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.  Maleng, 490 U.S. at 492; Feldman v. Perrill, 902 F.2d 1445 (9th Cir. 1990).  The U.S. Supreme Court has not taken a literal view of the "in custody" requirement, observing that "besides physical imprisonment, there are other restraints on a man's

1  liberty, restraints not shared by the public generally, which have been thought sufficient in the
2  English-speaking world to support the issuance of habeas corpus." Jones v. Cunningham, 371 U.S.
3  236, 240, 83 S.Ct. 373, 376 (1963) (holding that persons released from incarceration on parole are "in
4  custody" under 28 U.S.C. § 2241); see also, Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1989).
5  Thus, if the petition were filed while petitioner was "in custody," his subsequent release would not
6  necessarily deprive a federal court of subject matter jurisdiction nor would it render the petition moot.
7  Carafas v. La Valle, 391 U.S. 234, 238 (1968).[1]

8  However, where a petitioner completes his sentence before the habeas petition is filed, the
9  issue becomes one of whether the conviction and sentence has merely collateral consequences–
10 themselves insufficient to establish the "in custody" requirement–or whether the conviction and
11 sentence impose a "restraint on liberty." Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998).
12 Thus, for example, a sentence of fourteen hours of attendance at an alcohol rehabilitation program
13 renders someone "in custody." Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir.
14 1993). Similarly, a convict released on his own recognizance pending execution of his sentence is "in
15 custody" because he is obligated to appear at times and places ordered by the court. Hensley v.
16 Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571 (1973). Also, a parolee is "in custody" because,
17 "[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions
18 which significantly confine and restrain his freedom." Jones, 371 U.S. at 243. See Barry v. Bergen
19 County Probation Department, 128 F.3d 152, 161 (3d Cir. 1997)(sentence of 500 hours community
20 service placed petitioner "in custody"). However, fines or restitution are simply "collateral
21 consequences" and are insufficient to render someone "in custody." Williamson, 151 F.3d at 1183.

22 Here, it is undisputed that Petitioner had completed his 180-day sentence no later than January
23 3, 2008, well before the instant petition was filed on December 17, 2009. (LD 8, p. 42). Thus,
24 Petitioner cannot meet the "in custody" requirement. Indeed, Petitioner does not argue otherwise in
25 his Traverse. (Doc. 20, p. 7). Moreover, the fact that Petitioner was already in custody serving a

---

[1] Where a petition is filed while the petitioner is "in custody," but he is subsequently released, there is an irrebuttable presumption that collateral consequences arise from the prior criminal conviction. Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994).

prison term for an unrelated offense when the instant offense was committed is irrelevant. The only relevant time period for purposes of satisfying § 2254 is the time period Petitioner was "in custody" on the offense which the petition is challenging, i.e., the 180-day sentence for indecent exposure.

Petitioner, however, apparently appreciating the significance of "collateral consequences," argues in the Traverse that he is still "in custody" by virtue of the court and restitution fines imposed at sentencing, both of which remain unsatisfied, the sex offender registration requirement imposed by the sentencing court, and the gravity of the constitutional violations Petitioner alleges occurred during his trial. (Doc. 20, p. 7).

From the authority cited above, however, it is clear that the modest fines imposed at sentencing fail to satisfy the "in custody" requirement. Williamson, 151 F.3d at 1183. Nor does the purported severity of the constitutional abuses alleged in the petition; indeed, were this in fact the case, then the jurisdiction requirement would be entirely negated because virtually every petition alleges grave constitutional errors. The important point is that the Court cannot reach those errors on their merits if the Court lacks jurisdiction because the petitioner was not "in custody" on the challenged offense at the time he filed the petition.

In the Court's view, the only constraint on Petitioner's liberty that could conceivably satisfy the "in custody" requirement is the fact that someone, such as Petitioner, convicted in California of indecent exposure, is required to register as a sex offender. However, in Williamson, the Ninth Circuit held that a similar registration requirement set forth in a Washington sex offender law did not sufficiently restrain the petitioner's liberty to satisfy the "in custody" requirement:

> The sex offender registration and notification provisions apply to Williamson whether he stays in the same place or whether he moves. Indeed, even if Williamson never leaves his house, he must still verify his address with the sheriff every year. [Citation.] The Washington sex offender law does not require Williamson even to personally appear at a sheriff's office to register; registration can be accomplished by mail. Thus, the law neither targets Williamson's movement in order to impose special requirements, nor does it demand his physical presence at any time or place. Furthermore, the law does not specify any place in Washington or anywhere else where Williamson may not go.

Williamson, 151 F.3d at 1183-1184.

In this case, at sentencing, Petitioner was advised that he must register as a sex offender pursuant to California Penal Code § 290. (LD 1, p. 11). Section 290 requires, generally, that registrants notify authorities within five days of moving into a county or jurisdiction, or within five days of changing addresses within a county or jurisdiction, as well as annually within five days of his or her birthday. Cal. Pen. Code § 290(a)(1)(A), (D). The statute imposes no limitation on the registrant's movements and does not specify places where the registrant must live or where he or she cannot live.[1] Although the statute does not expressly provide for registration by mail, it also does not expressly exclude it. The law contains no other provisions that impact a registrant's movements or location.

In Henry v. Lungren, 164 F.3d 1240 (9th Cir. 1999), the Ninth Circuit considered whether California's sex offender registration law, when compared to Washington's registration law, was sufficiently similar to require the same result as in Williamson, and found that it was:

> "The laws are very similar in their essentials, each requiring a convicted sex offender to provide address and other background information, fingerprints, and a photograph to the local law enforcement authority. California law is more restrictive in requiring annual registration; Washington requires a one-time registration upon release from custody, coupled with an annual address verification procedure. Both states require an individual to reregister upon change of address. [Petitioner] claims the California law requires in-person registration, although that is not spelled out in the statute.
>
> The minimal differences between the two statutes do not justify a different result for [Petitioner]. *Registration, even if it must be done in person at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner "in custody" for the purposes of federal habeas corpus relief*. [Citation.] Instead, the registration requirement is merely a collateral consequence of conviction that is "not [itself] sufficient to render an individual 'in custody' for purpose of a habeas attack upon it."

Williamson, 164 F.3d at 1242, *quoting* Maleng, 490 U.S. at 492 (emphasis supplied).

Accordingly, the Court concludes that the registration requirement imposed at sentencing is merely a collateral consequence of Petitioner's convictions and does not impose such a significant restraint on Petitioner's freedom to satisfy the "in custody" requirement. Henry, 164 F.3d at 1242.

---

[1] For a state prison inmate like Petitioner, the law specifies that prison authorities must notify the Department of Justice of the registrant's incarceration and the Department of Justice then has the responsibility to notify the agency with which the inmate last registered. Cal. Pen. Code § 290(f)(2). Accordingly, it does not appear that, while incarcerated, Petitioner is obligated to do anything regarding registration as a sex offender.

See Williamson, 151 F.3d at 183-184; McNab v. Kok, 170 F.3d 1246 (9th Cir. 1999)(Oregon registration requirement does not satisfy "in custody" requirement); McNeely v. Lockyer, 2007 WL 3010771 *1 (Oct. 15, 2007 E.D. Cal.)(applying Williamson); Hutton v. Kern County Sheriff's Dept., 2007 WL 1176800 *2 (Apr. 20, 2007 E.D.Cal.)(applying Henry). Because no other collateral consequences attendant to Petitioner's sentence, satisfy the "in custody" requirement, the Court lacks habeas jurisdiction and, therefore, the petition should be dismissed. Henry, 164 F.3d at 1242. For those reasons, the Court need not, and indeed cannot, address the merits of the petition.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of jurisdiction;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file;
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **December 6, 2012**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE