**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

IVAN LEE MATTHEWS,

        Petitioner,

    v.

DARELL ADAMS, Warden, et al.,

        Respondents.

)
)
)
)
)
)
)
)
)
)

Case No.: 1:09-cv-02194-JLT

ORDER GRANTING PETITIONER'S MOTION TO CORRECT ERROR (Doc. 29)

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 7, 2010, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 6). On April 9, 2010, Respondent filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 9).

**PROCEDURAL HISTORY**

       On December 6, 2012, the United States Magistrate Judge assigned to this case issued an order denying the petition for writ of habeas corpus with prejudice, entering judgment, and closing the file. (Docs. 24 & 25). The Court's electronic filing system indicates that on December 6, 2012, a copy of the Court's orders was mailed to Petitioner at Salinas Valley State Prison ("SVSP"), which had been Petitioner's address of record since November 23, 2011. (Doc. 23). On December 13, 2012, the Court

1

received Petitioner's notice of a change of address from SVSP to the California Correctional

Institution, at Tehachapi, California.  (Doc. 26).  That document reflects that it was executed by

Petitioner on December 9, 2012, three days after the Court served Petitioner with the order denying his

petition.  The December 6, 2012 order was returned to the Court as "undeliverable," presumably

because Petitioner was no longer incarcerated at SVSP.  On January 3, 2013, the Court re-served

Petitioner at his Tehachapi address.  On January 14, 2013, Petitioner filed the instant Notice of Motion

to Correct Error, in which Petitioner asks the Court for an explanation regarding why it did not send

the order to the proper address, arguing that, because of the error, Petitioner was unable to file his

notice of appeal within the thirty-day time limit required by Fed. R. App. P. Rule 4(a)(1)(A), i.e.,

January 5, 2013.  (Doc. 27).

   Because it appears that Petitioner's primary complaint is that he did not receive the December

6, 2012 order in time to file a timely notice of appeal, the Court will construe Petitioner's January 14,

2013 motion as a motion to reopen the time for filing a notice of appeal under Fed. R. App. P. Rule

4(a)(6).  So construing the motion, the Court will grant Petitioner's motion based on the discussion

below.

### DISCUSSION

   Federal Rule of Appellate Procedure 4(a)(6) permits the district court to "reopen the time to

file an appeal for a period of 14 days after the date when its order to reopen is entered," if the

following conditions are satisfied:

  (A) the court finds that the moving party did not receive notice under Federal Rule of Civil
    Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days
    after entry;

  (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days
    after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the
    entry, whichever is earlier; and

  (C) the court finds that no party would be prejudiced.

Fed. R. App. P. Rule 4(a)(6).

   Applying those requirements to the present case, the Court concludes that they have been

2

satisfied.  It is clear from the chronology of events established by the Court's own electronic docket that the Court's December 6, 2012 order denying the petition and Petitioner's notice of a change of address essentially "crossed paths" in the mail, resulting in the serving of the December 6, 2012 order to Petitioner's previous address at SVSP, rather than his present address.  Although the order was re-served, that was not done until January 3, 2013, two days before Petitioner's thirty-day period for filing his notice of appeal expired under Fed. R. App. P. Rule 4(a).  Clearly then, Petitioner would not have received the re-served order with sufficient time to file a timely notice of appeal.  Just as clearly, by January 3, 2013, the earliest possible date Petitioner could have received notice of the entry of judgment, more than 21 days had already passed since the Court entered judgment on December 6, 2012, thus satisfying subdivision (A) of Rule 4(a)(6).  Moreover, Petitioner filed the instant motion on January 14, 2013, well within 180 days of judgment and also within fourteen days after receiving notice of the judgment, thus satisfying both prongs of subdivision (B) of Rule 4(a)(6).

Nor does it appear that any party would be prejudiced by granting Petitioner's motion.  The matter has been pending since the petition's filing on December 17, 2009.  The delay caused by the failure to serve Petitioner at his present location was de minimis, i.e., no more than nine days. Nothing in the record suggests that such an insignificant delay would cause any prejudice to Respondent.  Accordingly, subdivision (C) of Rule 4(a)(6) is also satisfied.

Thus, the Court will grant Petitioner's request to reopen the period for filing a notice of appeal. **Petitioner is counseled, however, that, under Rule 4(a)(6), the Court may _only_ reopen the filing period for _fourteen days_.  Petitioner's failure to file a notice of appeal within that time period may foreclose him from pursuing an appeal in this case.**

<u>**ORDER**</u>

For the foregoing reasons, it is **HEREBY ORDERED** as follows:

1.  Petitioner's motion to correct error, which the Court construes as a motion to reopen the period for filing a Notice of Appeal (Doc. 27), is **GRANTED**.

3

2.  Petitioner is granted 14 days from the date of service of this order within which to file his Notice of Appeal.

IT IS SO ORDERED.

Dated:   **January 29, 2013**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

4