UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS, | ) Case No.: 1:09-cv-02194-JLT |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | ) (Doc. 29) |
| DARRELL ADAMS, Warden, | ) |
| Respondent. | ) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have filed their written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Docs. 6, 9).

**PROCEDURAL HISTORY**

The instant petition was filed on December 17, 2009. (Doc. 1). On December 6, 2012, the Magistrate Judge entered an order dismissing the instant petition on the grounds that Petitioner failed to meet the "in custody" requirement of 28 U.S.C. § 2254(a), finding that Petitioner had already completed his sentence prior to the filing of the petition and that insufficient "collateral" consequences stemmed from the conviction to meet § 2254(a)'s requirement. (Doc. 24). In so ruling, the Court specifically addressed whether the requirement that Petitioner register as a sex offender under California law constituted a collateral consequence sufficient to meet the "in custody" requirement and

1

concluded that it did not, based upon the Ninth Circuit's guiding precedent in Henry v. Lungren, 164 F.3d 1240 (9th Cir. 1999), which held that California's sex registration requirement did not "render a petitioner 'in custody' for the purposes of federal habeas corpus relief." Id. at 1242. The Court entered judgment against Petitioner on December 6, 2012. (Doc. 25). On February 8, 2013, Petitioner filed the instant motion for reconsideration or relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Doc. 29). For the reasons set forth below, the Court denies Petitioner's motion.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not

shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Rather, Petitioner entirely misconstrues the requirements of Rule 60(b), contending, for example, that his trial and appellate counsel engaged in "fraud" and misrepresentation, that this Court's dismissal was a "mistake" and "inadvertent error," that the prosecutor engaged in misconduct during the trial, and that Petitioner was denied his right to confront witnesses. Petitioner then re-argues the merits of the claims raised in the original petition. However, the requirements of Rule 60(b) do not refer to either Petitioner's original habeas claims, his defense team, nor this Court's ruling. The issue is not whether Petitioner's claims have merit, or even whether his trial and appellate counsel provided adequate representation. Indeed, the only issue at this juncture is whether Petitioner satisfies the "in custody" requirement for a federal habeas petition. On this narrow and critical issue, however, Petitioner's motion has nothing new or valuable to add to the analysis.

Despite Petitioner's protestations to the contrary, in addressing the "in custody" question in the December 6, 2012 order, the Court had no reason to consider the merits of Petitioner's claims since the "in custody" requirement is a threshold issue that must be addressed before considering the merits and mandating dismissal where the statute's requirements have not been satisfied. That was the case here, and nothing in Petitioner's motion in any way alters that conclusion. In sum, Petitioner has provided nothing that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 29), is DENIED.

IT IS SO ORDERED.

Dated:   **February 12, 2013**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

3